UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-24358-JLK

JOE GORDILIS; FRANSISCO RAMOS;
BEYMAR SABOGAL; RIDER MORALES;
PEDRO P. SOSA; *and all other similarly-situated
under 29 USC 216(b)*,

   Plaintiffs,

v.

OCEAN DRIVE LIMOUSINES, INC.;
OCEAN DRIVE LIMOSINES, INC SO. FLA.;
RICHARD BENNETTI, and MELISSA BENNETTI,

   Defendants.
_____/

## OMNIBUS ORDER ON DISCOVERY MOTIONS RELATED TO DEPOSITIONS

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Protective Order (D.E. 65), filed November 26, 2013, and Defendants' Motion to Enforce Stipulations as to Scheduled Depositions (D.E 66) and Motion to Allow Taking of Depositions in Excess of Ten (D.E. 66), both filed November 27, 2013. The Court is fully briefed on the matters.[1]

---

[1] Defendants responded to Plaintiff's Motion on November 26, 2013 (D.E. 66) to which Plaintiffs replied on December 4, 2013 (D.E. 68). Plaintiff responded to Defendants' Motions on December 4, 2013 (D.E. 69)

## I. BACKGROUND

In their filing of papers purporting to be a combination of Motions, Responses, and Replies, the Parties have muddied the issues. Essentially, the question before the Court is whether Defendants should be permitted to depose the remaining proposed deponents: Maria Quintanilla (Plaintiff Sosa's wife), Mabel Garcia (Plaintiff Ramos' wife), and Mariana Ponton.[2] Plaintiffs' Motion seeks a Protective Order against said depositions and Defendants' Motions seek to compel said depositions.

All of this is asked with the discovery deadline now six days away. The discovery deadline, December 11, 2013, was established on January 31, 2013. D.E. 19. Thus, the parties had almost eleven months' notice to conduct and finish discovery. Even with such notice, 18 separate deponents have been noticed within the final two months. D.E. 66 ¶6-11. The Court is now asked to settle discovery disputes between the parties with only six days to finish discovery.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 30(a)(2)(A)(i) if a party has already taken more than ten depositions and the parties have not stipulated to further depositions, a party must obtain leave of court to take further depositions. The Court is to grant leave to the extent consistent with Rule 26(b)(2). Under Rule 26(b)(2)(C), the Court must limit discovery if it determines that,

---

[2] Plaintiffs' Motion originally sought a Protective Order for the deposition of Plaintiff Ramos, but in their Reply Plaintiffs removed the objection to Plaintiff Ramos' deposition. D.E. 69 n 1.

"(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

When depositions in excess of ten are sought, the party seeking the depositions must justify the necessity of each deposition previously taken and must make a particularized showing as to the necessity of the deposition sought. *Mazur v. Lampert*, 04-61159, 2007 WL 676096, *1 (S.D. Fla. Feb. 28, 2007).

### III. STIPULATIONS

Defendants seek to enforce purported stipulations with Plaintiffs' counsel regarding depositions. In Response to Defendants' Motion Plaintiffs state, "it is true that there were no objections to the previously scheduled depositions other than the depositions [sic] Mrs. Quintanilla and Mrs. Garcia." D.E. 59 ¶3. Accordingly, aside from considering the totality of discovery conducted in this case, the Court will not consider previous depositions, all conducted with Plaintiffs' knowledge and without Plaintiffs' objection.

## IV. MARIA QUINTANILLA AND MABEL GARCIA

Plaintiffs take issue with the timing of the depositions of Quintanilla and Garcia. The first evidence in the record of Defendants' efforts to depose Quintanilla and Garcia is an e-mail sent on Friday November 22, 2013 at 2:58 pm from Defense counsel's office to Plaintiffs' counsel. D.E. 68-1. Any party in a case may conduct discovery until the last day of the discovery period. While it may be inconvenient for Plaintiffs to schedule Defendants' last-minute depositions, the question is if Defendants have a right to take these depositions. Given that the depositions will be taken within the discovery period, the fact that they are to be conducted near the close of said period is not a ground for barring the depositions.

Defendants move to take these depositions for various reasons. Quintanilla is sought to establish that Plaintiff Sosa was employed by other entities, that Quintanilla did not pay living expenses for the couple, and to investigate monies she deposited into a joint account. D.E. 66 at 13-15. This, Defendants contend, will show that Plaintiff Sosa earned substantial money in tips. Plaintiffs oppose this deposition on the ground of irrelevance and offer to provide the information sought via an interrogatory. D.E. 69 ¶9.

Defendants seek to depose Garcia for two reasons. First, Defendants seek her passport to establish when Plaintiff Ramos himself traveled. D.E. 66 at 13. Plaintiff responded with evidence that Ramos has produced his own passport. D.E. 69-2. Second, Defendants seek Garcia's deposition to establish that Plaintiff Ramos earned more than the minimum wage because Ramos and Garcia own joint property and a 2010 tax return shows that Garcia did not earn income in 2010. D.E. 66 at 15. Plaintiffs oppose this

deposition on the grounds of irrelevance and that the information sough is obtainable through other means. D.E. 69 ¶7.

The Court has considered Defendants' reasons for taking the depositions and Plaintiffs' objections. The Court finds that there are insufficient grounds presented for further departing from the Federal Rules' deposition limits. The evidence sought is not justified in this case. To draw on the language of Federal Rule 26, the burden of the proposed discovery is outweighed by its likely benefit considering Defendants have already conducted numerous depositions surrounding the sought-after issues. Defendants have already investigated Plaintiff Ramos' and Sosa's finances in their individual depositions and other discovery tools and have had ample opportunity throughout the discovery period to investigate these issues.

## V. MARIANA PONTON

Defendants' Motion does not explain why Ponton is related to this case. The heading for the paragraph purportedly arguing for her deposition indicates that she is important as to Plaintiffs Sabogal and Sosa. D.E. 66 at 10. However, the Motion does not explain why that is and what relation Ponton's work at Pinnacle Accounting Services, Inc. has with Plaintiffs Sabogal and Sosa. Moreover, although Defendants use the past tense in referring to Ponton's deposition, the Motion states that her deposition is not scheduled until December 6, 2013. D.E. 3¶12. Plaintiffs do not address Ponton in their Response. Given that the Court has no information as to who Ponton is and her relation to this case, it will not grant Defendants leave to take her deposition.

## VI. CONCLUSION

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Plaintiffs' Motion for Protective Order (**D.E. 65**) be, and the same is, hereby **GRANTED** as to Maria Quintanilla, Mabel Garcia, and Mariana Ponton,

2. Defendants' Motion to Enforce Stipulations as to Scheduled Depositions (**D.E. 66**) be, and the same is, hereby **DENIED**, and

3. Defendants' Motion to Allow Taking of Depositions is Excess of Ten (**D.E. 66**) **GRANTED in part and DENIED in part**. The Motion is granted as to Fransisco Ramos and denied as to Maria Quintanilla, Mabel Garcia, and Mariana Ponton.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 5th day of December, 2013.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: Magistrate Judge Chris M. McAliley

All Counsel of Record