UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-24358-CIV-KING

JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL CHRISTIAN R. DIAZ, LAZARO PONTON, RIDER MORALES, DAISY M. RODRIGUEZ, PERSO P. SOSA, and all other similarly-situated,

 Plaintiffs,

vs.

OCEAN DRIVE LIMOUSINES, INC., OCEAN DRIVE LIMOUSINES, INC. SO. FLA., RICHARD BENETTI, and MELISSA BENETTI, individually,

 Defendants.

_____/

## PLAINTIFFS' MOTION IN LIMINE

**COME NOW** Plaintiffs, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and file the above-described Plaintiff's Motion *in limine* and state as follows in support thereof:

## MEMORANDUM OF LAW

A. Attorneys' fees costs and/or liquidated damages.

Any reference to attorney fees, costs and/or liquidated damages pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter. Attorney fees, costs and liquidated damages have no probative value and would not benefit the jury's role in this

1

matter. As such, any reference to attorney fees, costs or liquidated damages at trial should be excluded.

The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). *See also*, *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342 (5th Cir. 1980). However, such issue of doubling is determined by the Court post-trial (as is the case with attorneys' fees if Plaintiff prevails). Because liquidated damages, fees and costs are determined by the Court post-trial, the jury has no need to hear about them. The issue of liquidated damages would thus confuse the jury as they have no need (with respect to the damages sought under the FLSA) to hear about figures that double the wages claimed, and such is irrelevant. Attorneys' fees (determined post-trial by the Court) also need not be considered by the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case.

B. <u>Plaintiffs' taxes</u>.

Any reference to Plaintiffs' payment or non-payment of federal income taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Questioning Plaintiffs on their filing of income taxes is irrelevant to the case at hand and will unfairly prejudice Plaintiffs. As stated by this District previously:

> …the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes -- including the extent of Plaintiffs' reporting obligations regarding such taxes -- that will cause undue delay and confusion of the issues. Thus, Plaintiffs' motion in limine to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

*Ortiz v. Santuli Corp.*, 2009 U.S. Dist. LEXIS 72731 (S.D. Fla. Aug. 3, 2009).

In addition to evidence Defendants may try to introduce arguing that Plaintiffs failed to report (or fully and accurately report) all of their income in relation to taxes, Plaintiffs request that Defendants not be able to question Plaintiffs at all regarding their taxes as such would be prejudicial before the jury and cause unnecessary confusion, and would not otherwise be relevant.  For example Defendant may try to claim tax filing status is relevant to the issue of whether Plaintiffs were employees versus independent contractors.  However, the Middle District stated  (when analyzing the issue of independent contractor status in light of the economic realities test) in *Harrell v. Diamond A Entertainment, Inc.*, 992 F. Supp. 1343 (M.D. Fla. 1997)(emphasis added) that:  the "Defendant's fourth and fifth additional factors (characterization for **tax** purposes and the provision of employee benefits) **are not relevant**. Defendant cites no case which considers these factors in the context of the broad "suffer or permit to work" definition of employment contained in the FLSA. Indeed, the case upon which Defendant relies, *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 752, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989), turns on the much narrower common law definition of employment, a definition which was subsequently found not applicable to the FLSA in *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326, 112 S. Ct. 1344, 1350, 117 L. Ed. 2d 581 (1992) (citing *Rutherford Food Corp.*, 331 U.S. at 728, 67 S. Ct. at 1475)." Consequently, the Jury and/or Court should not even consider Plaintiffs' taxes (or filing status) for purposes of determining the employer-employee relationship.

WHEREFORE PLAINTIFFS REQUEST THE COURT EXCLUDE IN LIMINE AT TRIAL ALL OF THE EVIDENCE SET FORTH HEREIN-ABOVE.

## CERTIFICATE OF CONFERRAL

Defense counsel Eddy Marban, Esq. opposes the relief sought in this motion.

**Respectfully submitted,**

K. DAVID KELLY, ESQ.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FLA. 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: DAVID.KELLY38@ROCKETMAIL.COM
F.B.N. 0123870

BY:___/s/ K. David Kelly_____
K. DAVID KELLY, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON 12/16/13 TO:

ALL CM/ECF RECIPIENTS

EDDY O. MARBAN, ESQ.
1600 PONCE DE LEON BLVD, STE 902
CORAL GABLES, FL 33134

BY:___/s/___K. David Kelly_____
K. DAVID KELLY, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-24358-CIV-KING

JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL CHRISTIAN R. DIAZ, LAZARO PONTON, RIDER MORALES, DAISY M. RODRIGUEZ, PERSO P. SOSA, and all other similarly-situated,

    Plaintiffs,

vs.

OCEAN DRIVE LIMOUSINES, INC., OCEAN DRIVE LIMOUSINES, INC. SO. FLA., RICHARD BENETTI, and MELISSA BENETTI, individually,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE

This matter came on to be heard regarding the Plaintiffs' above-described Motion and the Court otherwise being advised in the premises, it is:

ORDERED, ADJUDGED and DECREED that the Plaintiffs' Motion is hereby GRANTED and therefore the Parties shall not during trial introduce any evidence regarding: 1) liquidated damages, 2) attorneys' fees and costs, or 3) Plaintiffs' taxes including filings/reporting or alleged lack thereof.

DONE AND ORDERED in Chambers at Miami, Florida, this \_\_\_\_\_ day of _____ 2013.

_____
**JAMES LAWRENCE KING**
**SR. UNITED STATES DISTRICT JUDGE**

**Copies to:** Counsel of Record