UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-24358-JLK

JOE GORDILIS; FRANSISCO RAMOS;
BEYMAR SABOGAL; RIDER MORALES;
PEDRO P. SOSA; *and all other similarly-situated
under 29 USC 216(b)*,

    Plaintiffs,

v.

OCEAN DRIVE LIMOUSINES, INC.;
OCEAN DRIVE LIMOSINES, INC SO. FLA.;
RICHARD BENNETTI, and MELISSA BENNETTI,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendants' Renewed Motion for Partial Summary Judgment (D.E. 134), filed April 7, 2014. The Court is fully briefed on the matter.[1] Upon review of the record and careful consideration, the Court finds that the Motion should be denied. Defendant seeks summary judgment that the Motor Carrier Exemption to the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 201 *et seq.*, bars the overtime wage claims in the instant case.

---

[1] Plaintiffs filed a Response in Opposition on April 18, 2014 (D.E. 143). Defendants filed a Reply on April 28, 2014 (D.E. 151)

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the Court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50. However, in reviewing the record evidence, the Court may not undertake the jury's function of weighing the evidence properly offered by the parties. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("[Plaintiff]'s evidence must be taken at face value, and all justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

## II. MOTOR CARRIER EXEMPTION STANDARD

Under the Motor Carrier Exemption ("the MCE"), 29 U.S.C. § 213(b)(1), the overtime requirement does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49."

The Eleventh Circuit has articulated a two-prong test for application of the motor carrier exemption. *Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1227 (11th Cir. 2009). First, the employer's business must be subject to the Secretary of Transportation's jurisdiction under the Motor Carrier Act (49 U.S.C. §31502). Second, the employee's business-related activities must "directly affect the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." *Baez v. Wells Fargo Armored Serv. Corp.*, 938 F.2d 180, 182 (11th Cir. 1991); *see also Spires v. Ben Hill Cnty.*, 980 F.2d 683, 686 (11th Cir. 1993); 49 U.S.C. § 31502(b)(1); 29 C.F.R. § 782.2(a).

Under the Motor Carrier Act, the Secretary of Transportation has jurisdiction over transportation by a motor carrier on a public highway to the extent passengers and/or property are transported between states. 49 U.S.C. § 13501. Even if the Secretary has not in fact exercised jurisdiction, the exemption still applies. *Abel v. Southern Shuttle Servs., Inc.*, 631 F.3d 1210, 1213 (11th Cir. 2011) (citations omitted). For the exemption to apply, the Eleventh Circuit has held, the employer must be (1) a common carrier by

motor vehicle (2) engaged in interstate commerce. *Spires v. Ben Hill Cnty.*, 980 F.2d 683, 686 (11th Cir. 1993); *see also* 49 U.S.C. § 31502(b)(1); 29 C.F.R. § 782.2(a).

Practical considerations guide courts in determining whether an employee's activities are interstate. *Walters*, 575 F.3d at 1229.

> [P]urely intrastate transportation can constitute part of interstate commerce if it is part of a 'continuous stream of interstate travel.' For this to be the case, there must be a 'practical continuity of movement' between the intrastate segment and the overall interstate flow.'

*Id.* (citing *Chao v. First Class Coach Co., Inc.*, 214 F. Supp. 2d. 1263, 1272 (M.D. Fla. 2001); *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 568 (1943)).

FLSA exemptions are construed narrowly against the employer and the employer bears the burden of showing the application of the exemption. *Walters*, 575 F.3d 1212, 1226.

### III. ANALYSIS

The essential dispute in this case is whether the Plaintiff drivers' activities were involved in interstate commerce. The record is unclear as to whether or not Plaintiffs acted in interstate commerce. Factors such as the manner in which travel was booked, how payment was made, where passengers originated from, and where passengers were destined for are all relevant to the MCE analysis under Eleventh Circuit case law. *See e.g. Abel* 631 F.3d at 1216-17; *Walters* 575 F.3d at 1230. On this record, there is a genuine dispute as to material facts regarding interstate commerce. Without a finding that there

was interstate commerce activity, the Court cannot find that the MCE applies and, therefore, does not reach the other aspects of the MCE.

## IV. CONCLUSION

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Defendants' Renewed Motion for Partial Summary Judgment (**D.E. 134**) be, and the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 28 day of May, 2014.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record