UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-24358-JLK

JOE GORDILIS; FRANSISCO RAMOS;
BEYMAR SABOGAL; RIDER MORALES;
PEDRO P. SOSA; *and all other similarly-situated
under 29 USC 216(b)*,

    Plaintiffs,

v.

OCEAN DRIVE LIMOUSINES, INC.;
OCEAN DRIVE LIMOSINES, INC SO. FLA.;
RICHARD BENNETTI, and MELISSA BENNETTI,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFFS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiffs' Renewed Motion for Partial Summary Judgment (D.E. 135), filed April 7, 2014. The Court is fully briefed on the matter.[1] Upon review of the record and careful consideration, the Court finds that the Motion should be granted in part.

This is an action under the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid wages. Plaintiff moves for partial summary judgment establishing that (1) the Motor Carrier Exemption to the FLSA is inapplicable, (2) Plaintiffs were

---

[1] Defendants filed a Response on April 24, 2014 (D.E. 148). Defendants filed a Reply on April 29, 2014 (D.E. 152)

Defendants' employees under the FLSA and not independent contractors, and (3) the time during which Plaintiffs waited for work assignments was compensable.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the Court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50. However, in reviewing the record evidence, the Court may not undertake the jury's function of weighing the evidence properly offered by the parties. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("[Plaintiff]'s evidence must be taken at face value, and all

justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

## II. MOTOR CARRIER EXEMPTION

The parties fully briefed the Motor Carrier Exemption issue in relation to Defendants' Renewed Motion for Partial Summary Judgment. *See* D.E. 134, 143, 151. The Court hereby adopts its reasoning in its Order Denying Defendants' Renewed Motion for Partial Summary Judgment (D.E. 156) and denies Plaintiffs' Motion to the extent it seeks a finding that the Exemption does not apply in this case. The record contains genuine disputes of material fact which preclude summary judgment on this issue.

## III. EMPLOYEES VERSUS INDEPENDENT CONTRACTORS

### A. *Legal Standard*

A determination of employment status under the FLSA is a question of law. *See Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir.1996); *Brouwer v. Metro. Dade Cnty.*, 139 F.3d 817, 818 (11th Cir.1998) (citing *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir.1997)). Subsidiary findings, however, are issues of fact. *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1318 (S.D. Fla. 2001) (citing *Patel v. Wargo*, 803 F.2d 632, 634 n. 1 (11th Cir.1986)).

"Employ" under the FLSA "includes to suffer or permit to work." 29 U.S.C. § 203(g). Determination of employment is a highly factual issue and depends on the "economic reality of all the circumstances." *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1177 (11th Cir. 2012). The parties' intention is irrelevant. *Donovan v. New*

*Floridian Hotel, Inc.*, 676 F.2d 468 (11th Cir. 1982). The Eleventh Circuit has put forth an eight-factor test, in which no one factor is determinative: (1) nature and degree of control of workers; (2) degree of supervision, direct or indirect, of work; (3) right, directly or indirectly, to hire, fire, or modify employment conditions of workers; (4) power to set pay rates or methods of payment; (5) preparation of payroll and payment of wages; (6) ownership of facilities where work occurred; (7) workers' performance of specialty job integral to the business; and (8) investment in equipment and facilities. *Id.* All factors go to the core question: is the putative employee economically depending on the putative employer?

## B. Analysis

The individual defendants testified in their capacity as the corporate Defendants' corporate representatives under Rule 30(b)(6). D.E. 76-2, 3:15. Moreover, the individual Defendants have stipulated that if the corporate Defendant is found to be the FLSA employer, then the individual Defendants would be the individual FLSA employers. D.E. 76-2, 3:23-4:1.

The Court addresses each factor in turn, along with those put forth by Defendants in their Response, and finds that the analysis weighs heavily in favor of an employment relationship.

### i. Control and Supervision

Richard Bennetti, one of the individual Defendants, testified that the other individual Defendant, Melissa Benetti, and he supervised Plaintiffs "in all avenues of the transportation business." D.E. 76-2, 26:12-13. Defendant Melissa Bennetti testified that

Daisy Rodriguez managed the office but, "[a]t the end of the day," she answered to Defendants Melissa and Richard Bennetti. D.E. 76-3, 37:15-21. Thus, the individual Defendants controlled the operation. The two individual Defendants ensured that Plaintiffs were "[p]roperly dressed, properly shaved, arriving on time, et cetera." D.E. 76-2, 26:17-18.

### ii. Right to Modify Employment Conditions

None of the Plaintiffs remaining in this litigation performed any management duties. D.E. 76-2, 27:5-9. If Plaintiffs failed to follow the requirements set by Defendants, they would be reprimanded. D.E. 76-2, 27:3-4. Plaintiffs did not set their own schedules and instead were to follow the manifests given to them. D.E. 76-2, 27:17-22.

### iii. Pay Rates & Payroll

Although Plaintiffs were paid on a commission basis, Plaintiffs' income was dependent on their driving the routes given to them. D.E. 76-3, 5:10-14; 76-2, 27:10-13, 17-22.

### iv. Specialty Job

Plaintiffs were chauffeurs; they did not engage in a specialized job which required additional training. The only requirement for the position was obtaining a chauffer's registration (hack license) which, Defendant Richard Bennetti testified, requires only a physical exam and for one to be drug free. D.E. 76-2, 29:11-21. Thus, no unique skills are required for Plaintiffs' positions.

### v. Ownership of Facilities and Investment in Equipment

Plaintiffs never had to provide any of their own equipment. D.E. 76-2, 28:1-4. The cars Plaintiffs drove were owned by Defendants. D.E. 76-2, 27:23-25. Plaintiffs were not required to clean the vehicles themselves. D.E. 76-2, 37:23-38:9; 76-3, 26:2-6. Plaintiffs did not advertise themselves. D.E. 76-2, 27:14-16.

### vi. Defendants' Proposed Considerations

Defendants argue that Plaintiffs had other work privately arranged with individuals and, therefore, are not Defendants' FLSA employees. Essentially, this argument inflates the phrase "economically dependent" to mean "sole source of livelihood." That is not what the FLSA intends. "Employ" under the FLSA is defined pursuant to the totality of the circumstances and the above factors. The factors set forth above do not entertain what an individual does on off-time. Rather, the focus is on what the work environment was like between a plaintiff and a defendant. Thus, whether or not Plaintiffs had separately arranged work is irrelevant to whether or not Plaintiffs were Defendants' FLSA employees.

Defendants also maintain that Plaintiffs are independent contractors because of what Plaintiffs listed on their tax returns. Plaintiffs claimed certain amounts as independent contractors on their personal tax returns for the relevant years. However, the FLSA employment inquiry "is not governed by the 'label' put on the relationship by the parties or the contract controlling that relationship…" *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013).

District courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an independent contractor. *Clincy v.*

*Galardi S. Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1349 (N.D. Ga. 2011) (Finding that Plaintiffs' holding themselves out to the IRS as independent contractors does not make them independent contractors for FLSA purposes.); *Harrell v. Diamond A Entertainment, Inc.*, 992 F. Supp. 1343 (M.D.Fla. 1997) ("[Plaintiffs'] characterization for tax purposes and the provision of employee benefits are not relevant. Defendant cites no case which considers these factors in the context of the broad 'suffer or permit to work' definition of employment contained in the FLSA."); *see also Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662 (5th Cir. 1983) (welders were "employees" even though they signed contract stating they were independent contractors, furnished their own equipment and insurance coverage, were self-employed on their tax returns and had their own business cards).

The factors governing "economically dependent" do not ponder personal tax returns. Moreover, it is entirely possible Plaintiffs were simply wrong in their preparation of their tax returns. Accordingly, Plaintiffs' tax returns do not create a genuine issue of material fact and Defendants did not meet their burden of showing a such a dispute. Thus, summary judgment must be entered to find that Defendants were Plaintiffs' FLSA employers.

## IV. ENGAGED TO WAIT

### A. Legal Standard

Depending on the nature of the work, time spent waiting for work can be compensable. *Armour & Co. v. Wantock*, 323 U.S. 126, 134 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161 (1944); *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802,

808 (11th Cir. 1992). Determining whether time is compensable under the FLSA "involves scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances." *Skidmore*, 323 U.S. at 137.

Some factors to consider when deciding the extent to which an "on call" employee is free to engage in personal activities, include:

> (1) whether there was an on-premises living requirement; (2) whether there were excessive geographical restrictions on employee's movements; (3) whether the frequency of calls was unduly restrictive; (4) whether a fixed time limit for response was unduly restrictive; (5) whether the on-call employee could easily trade on-call responsibilities; (6) whether use of a pager could ease restrictions; and (7) whether the employee had actually engaged in personal activities during call-in time.

*Lurvey v. Metro. Dade Cnty.*, 870 F. Supp. 1570, 1576 (S.D. Fla. 1994) (citing *Owens v. Local No. 169, Ass'n of Western Pulp and Paper Workers*, 971 F.2d 347, 351 (9th Cir.1992)

### B. Analysis

The only facts Plaintiffs put forth to argue that the time spent waiting for work is compensable is their assertions that, upon their return from leaving Defendants' premises for any amount of time, Defendants would not give them work. Therefore, Plaintiffs argue, they were required to wait long hours between jobs and could not leave the premises. Plaintiffs rely on only their own affidavits as evidence.

Defendants disagree with this picture of the work environment. Their witness, a former dispatcher for the company, testified that Plaintiffs Sosa, Ramos, and Sabogal did

not have to wait for work. D.E. 76-1, 25:8-15; 32:11-13. Although Plaintiff Gordilis did sometimes have to wait, he was not present every day and when he brought his waiting to Defendant Richard Bennetti's attention, Plaintiff was given a job. D.E. 76-1, 26:2-24. Plaintiff Morales, on the other hand, was frequently waiting for jobs. D.E. 76-2, 29:16-21. The exact times any Plaintiff was every waiting are not established.

Defendants contend that Defendant Richard Bennetti required Plaintiffs to arrive by 9:00 am in order to be assigned work, but there is no evidence from Defendants that Plaintiffs were not permitted to take lunch or breaks off the premises. D.E. 76-1, 32:5-6. In fact, Defendants' witness testified that Defendant Richard Bennetti tried to keep things "as copacetic as he could with the drivers," and would give them jobs if they complained. D.E. 76-1, 27:4-13. Defendants also contend that all Plaintiffs freely left for lunch and would return. D.E. 76-1, 30:9-10.

Thus, there is a genuine dispute in the record as to the material facts surrounding Plaintiffs' free time and their degree of independence during that time. This dispute forecloses summary judgment on the compensable nature of Plaintiffs' wait time.

## V. CONCLUSION

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiffs' Renewed Motion for Partial Summary Judgment (**D.E. 135**) be, and the same is, hereby **GRANTED in part**. Plaintiffs are hereby found to be Defendants' employees under the FLSA.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 28 day of May, 2014.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record