UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-24358-JLK

JOE GORDILIS; FRANSISCO RAMOS;
BEYMAR SABOGAL; RIDER MORALES;
PEDRO P. SOSA; *and all other similarly-situated
under 29 USC 216(b)*,

    Plaintiffs,

v.

OCEAN DRIVE LIMOUSINES, INC.;
OCEAN DRIVE LIMOSINES, INC SO. FLA.;
RICHARD BENNETTI, and MELISSA BENNETTI,

    Defendants.
_____/

## ORDER DEEMING PLAINTIFFS' PRE-SUIT NOTICE LETTER SUFFICIENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendants' Motion for Partial Summary Judgment (D.E. 162) and Plaintiffs' Motion for Court to Deem Plaintiffs' Minimum Wage Notice Legally Sufficient (D.E. 163). Plaintiffs responded to Defendants' Motion on July 25, 2014 (D.E. 165). Defendants failed to respond to Plaintiffs' Motion and the time has now passed.

## I. Sufficiency of Plaintiffs' Pre-Suit Letter

Prior to filing suit under the Florida Minimum Wage Act ("FMWA"), an aggrieved employee must send a notice to the employer. Fla. Stat. Ann.§ 448.110(6)(a). The notice must state the minimum wage demanded, an estimate of hours worked, and the total amount of unpaid wages. *Id.* If after 15 days the employer has not resolved the claim, the aggrieved employee may file suit consistent with the contents of the notice. Fla. Stat. Ann. § 448.110(6)(b).

Plaintiffs mailed FMWA notices to Defendants in mid-December 2012. *See, e.g.,* D.E. 163-1. The letters recite, as required, the minimum wage demanded, an estimate of hours worked, and the total amount of unpaid wages.

Defendants argue that the letter is "defective because it tells Defendants that even if the full Florida minimum wage payment is made, Plaintiffs still demand liquidated damages, overtime pay and attorney's fees under the FLSA." D.E. 162 at 3. This is a mischaracterization of what the letter actually says. The only sentences in Plaintiffs' letter that are not specifically and narrowly about the FMWA claims are the concluding lines: "Should you wish to resolve the Florida Minimum Wage portion of this claim, or if you desire to resolve the Federal overtime wage portions of said claim, please feel free to contact [Plaintiffs' counsel.]" D.E. 163-1 at 14. Contrary to Defendants' statement, the letter contains no references to liquidated damage or attorney's fees.

Defendants' reliance on *Johnson v. Nobu Assoc. S. Beach, LP*, 2011WL 780028, *3 (S.D. Fla. 2011) is misguided. There, the court found that the letter in question demanded more than the statute permitted by requesting a total sum inclusive of

liquidated damages and attorneys' fees. Here, Plaintiffs' total amount is reflective only of the total unpaid minimum wages.

The FMWA does not prohibit plaintiffs from seeking federal Fair Labor Standards Act ("FLSA") damages in the same lawsuit. Accordingly, Plaintiffs' reference to the fact that this case also brings federal overtime wage counts is permissible. There is nothing in Plaintiffs' FMWA demand notices which goes beyond what is permissible in such a letter. Plaintiffs' counsel followed the proper timeline and did not amend the pleading to include the FMWA counts until the requisite amount of time had passed. Accordingly, the letter is legally sufficient. The portion of Defendants' Motion on the letter must be denied and Plaintiffs' Motion must be granted.

## II. Motor Carrier Exemption

Defendants also move for summary judgment on the Motor Carrier Exemption to the FLSA. This Motion is without merit. The Court has already decided this issue and denied Defendants' previous identical Motion on May 28, 2014. D.E. 156. The current record is the same as the record stood when the Court denied Defendants' previous Motion. Accordingly, the Court's prior ruling stands and this part of the Motion is denied.

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Defendants' Motion for Partial Summary Judgment (**D.E. 162**) be, and the same is, hereby **DENIED** and

Plaintiffs' Motion for Court to Deem Plaintiffs' Minimum Wage Notice Legally Sufficient (**D.E. 163**) be, and the same is, hereby **GRANTED**.[1]

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 4th day of August, 2014.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record

---

[1] Plaintiff also moved the Court to grant its pending Motion in Limine. The Court reserves ruling on Plaintiffs' Motion in Limine (D.E.126).