UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24358-cv-KING

JOE GORDILS, FRANCISCO RAMOS,
BEYMAR SABOGAL, RIDER
MORALES, PEDRO P. SOSA, and all
other similarly situated,

  Plaintiffs,

v.

OCEAN DRIVE LIMOUSINES, INC.,
OCEAN DRIVE LIMOUSINES, INC.
SO. FLA., RICHARD BENNETTI, and
MELISSA BENNETTI, individually,

  Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFFS' MOTION IN LIMINE (DE 126)

THIS CAUSE comes before the Court upon Plaintiffs' April 4, 2014, Motion in Limine (DE 126). The Court is fully briefed on the matter.[1] Upon review of the record and after careful consideration, the Court concludes that Plaintiffs' Motion in Limine should be granted in part and denied in part.

This is an action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In their Motion in Limine, Plaintiffs move to prohibit any reference at trial to attorneys' fees and costs, liquidated damages, and Plaintiff's' tax returns.

---

[1] Defendants filed a Response on April 21, 2014 (DE 146). Plaintiffs filed a Reply on April 24, 2014 (DE 150), and submitted additional briefing on July 21, 2014 (DE 163).

## I. Attorneys' Fees and Costs

Defendants contend that they should be able to refer to attorneys' fees in closing argument "[i]f enough evidence is presented at trial." (DE 146) (citing *Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913-CIV-AMS, 2011 WL 6030073 (S.D. Fla. Oct. 24, 2011)). But there is no legal basis for referring to attorneys' fees and costs at trial. Attorneys' fees and costs are post-trial issues for the Court that do not relate to any question of fact for the jury to answer. *See* 29 U.S.C. § 216(b). Additionally, the Eleventh Circuit's current pattern jury instructions removed instructions on attorneys' fees and costs which had previously been included. Therefore *Palma*, on which Defendants rely, is inapplicable. That court allowed the defendants to refer to attorneys' fees and costs "only in their closing argument and limited to the instruction." *Palma*, 2011 WL 6030073, at *1. The instruction has changed. There is no longer any basis, not even in closing argument, to refer to attorneys' fees and costs to the jury. *Dingman v. Cart Shield USA, LLC,* 12-20088-CIV, 2013 WL 3353835 (S.D. Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at trial); *Tapia v. Florida Cleanex, Inc.*, No. 09-21569-CIV, ECF No. 126 (S.D. Fla. Mar. 27, 2013) (same). The parties must not refer to attorneys' fees and costs before the jury.

## II. Liquidated Damages

Under the FLSA, Plaintiffs are entitled to liquidated damages if Defendants did not act in good faith. *See* 29 U.S.C. § 260. If a jury finds that Defendants acted willfully, then the Court must award liquidated damages in an amount equal to the compensatory

damages awarded, which doubles the total damages award. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008). "The willfulness or good faith question is answered first by the jury . . . and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages." 11th Cir. Civil Pattern Jury Instructions § 4.14 cmt. II.B. (2013) (citing *Morgan v. Family Dollar Stores, Inc.* 551 F.3d 1233, 1282 (11th Cir. 2008)).

Arguments may be made to the jury about good faith or willfulness so that the jury's finding on that issue of fact may form the basis for a Court's awarding liquidated damages; but there is no legal basis to allow parties to refer to liquidated damages before the jury. *See Dingman,* 2013 WL 3353835, at *1 (ordering defendants in an FLSA case not to refer to liquidated damages at trial); *Tapia,* No. 09-21569-CIV, ECF No. 126, p.2 (same); *Palma,* 2011 WL 6030073, at *1 (same). Furthermore, it could be unduly prejudicial—with no probative value—for the jury to hear that Plaintiffs may be awarded double damages if the jury finds that Defendants acted willfully. The parties must not refer to liquidated damages before the jury.

### III. Tax Returns

Plaintiffs move to exclude any reference to Plaintiffs' payment or nonpayment of federal income taxes, and request that Defendants be unable to question Plaintiffs at all regarding their taxes, as such questioning would be prejudicial and irrelevant. Defendants respond that Plaintiffs' tax returns relate to a variety of damages issues, and that reference to them may be proper for a variety of purposes, including impeachment.

The Motion in Limine as to tax returns is premature. The tax returns may or may not be relevant or admissible for a variety of reasons, depending on how and for what purpose they are offered or referenced at trial. The Court notes that certain issues, for which the parties argued the tax returns might be relevant, have since been addressed or resolved by Orders of this Court. *See, e.g.,* Order Granting in Part Plaintiffs' Renewed Motion for Partial Summary Judgment (DE 157, p.9) (finding Plaintiffs to be Defendants' employees under the FLSA). Plaintiffs' Motion is denied as to tax returns without prejudice to the parties' ability to raise appropriate objections at trial.

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiffs' April 4, 2014, Motion in Limine (DE 126) be, and the same is, hereby **GRANTED IN PART** and **DENIED IN PART**. The parties must not refer to attorneys' fees and costs, or liquidated damages, before the jury. The parties' ability to raise appropriate objections at trial as to tax returns is preserved.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 2d day of October, 2014.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record