UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-24358-CIV-KING

JOE GORDILS, FRANCISCO RAMOS,
BEYMAR SABOGAL, RIDER
MORALES, PERSO P. SOSA, and all
other similarly-situated,

      Plaintiffs,

vs.

OCEAN DRIVE LIMOUSINES, INC.,
OCEAN DRIVE LIMOUSINES, INC.
SO. FLA., RICHARD BENETTI, and
MELISSA BENETTI, individually,

      Defendants.
_____/

## THIRD JOINT PRETRIAL STIPULATION

Pursuant to Fed.R.Civ.P.26(a)(3) and S.D.Fla.L.R. 16.1.E, Plaintiffs and Defendants, by and through their undersigned counsel, hereby submit their joint pretrial stipulation.

**1)**    **JOINT STATEMENT OF THE CASE:**

Plaintiffs bring claims against all Defendants, jointly and severally, under the Fair Labor Standards Act, regarding alleged unpaid overtime and minimum wages along with liquidated damages, fees and costs. Plaintiffs were employed as drivers by Defendants and are claiming that they were not paid their legally mandated overtime wages. Furthermore, Plaintiffs allege that they were not paid the applicable Florida and Federal minimum wages for each hour worked. Furthermore, Plaintiffs claim that Defendants failed to properly reimburse Plaintiffs for costs such as fuel during the period of employment. Defendants deny violations of minimum and overtime pay, as at all times the Plaintiffs were properly paid their wages. Defendants argue

that Plaintiffs' overtime claims are exempt by the Motor Carrier Act. Defendants deny that Plaintiffs are owed reimbursements for fuel expenses.

**2)     The Basis of Federal Jurisdiction**

This Court has original jurisdiction over the federal law claim under 29 U.S.C. Section 1331 and 1343 (civil actions under the Constitution, laws and treaties of the United States). This is an action to recover alleged money damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. 216.  There is supplemental jurisdiction over the state claims under 28 U.S.C. 1367.

**3)     Pleadings Raising the Issues**

  A. Third Amended Complaint. [D.E. 16].

  B. Defendants' Answer and Affirmative Defenses to the Third Amended Complaint. [D.E. 18].

**4)     A List of All Undisposed Motions or Other Matters Requiring Action by the Court**

  A. Plaintiffs' Motion for Summary Judgment [DE 210]..

  B. Defendants' Motion for Summary Judgment [DE 216].

  C. Defendants' Motion for Protective Order [DE 196].

  D. Defendants' Supplemental Motion for Protective Order [DE 201].

**5)     Concise Statement of Uncontested Facts Which Will Require No Proof at Trial**

  A. Plaintiffs were employed by, Ocean Drive Limousine, Inc., So. Fla., Richard Bennetti and Melissa Bennetti, jointly and severally.

  B. Defendants' business is engaged in interstate commerce for the relevant time period in the Third Amended Complaint.

  C. Plaintiffs were employees and not independent contractors for Defendants.

  D. The Defendant corporations are enterprises covered under the Fair Labor Standards Act during the relevant time period in the Third Amended Complaint.

  E. Defendants regularly employed two or more employees during the relevant time period.

F. Defendants no longer assert the 7(i) commission exemption (such was indicated by Defendants in their Response to Plaintiffs' Motion for Summary Judgment).

**6)** **Issues of Fact Which Require Proof at Trial**

 **For the Plaintiffs**:

  A. The number of hours each Plaintiff actually worked each week and the number of hours Plaintiff were engaged to wait for work each week based on Plaintiff's approximating.

  B. Whether Defendants suffered or permitted Plaintiffs to work.

  C. The amount that Plaintiffs were paid per hour as an average.

  D. Whether the time Plaintiffs spent waiting for work is compensable.

  E. Whether the Defendant can prove that Motor Carrier Exemption forecloses the overtime claims.

  F. Whether the Plaintiffs are owed overtime wages.

  G. Whether the Plaintiffs are owed minimum wages.

  H. Whether the Defendants maintained accurate time records for all Plaintiffs' hours Worked on a weekly basis.

  I. Whether Plaintiffs were drivers.

J. Whether Defendants acted willfully or in reckless disregard of the provisions of the FLSA and Florida Minimum Wage laws.

K. Whether Defendants acted in good faith conformity in believing their actions did not violate the provisions of the FLSA or Florida Minimum Wage laws.

L. The amount of weekly expenses Plaintiffs incurred while employed by Defendants.

M. The amount of overtime and minimum wage each Plaintiff is owed based on an approximate.

N. Facts regarding whether Ocean Drive Limousines Inc. is also and FLSA employer (this issue is addressed in Plaintiff's Motion for Summary Judgment.

**For the Defendants:**

A. Whether Plaintiffs may overcome their burden of proof and demonstrate they were not paid minimum wages.

B. Whether Plaintiffs may overcome their burden of proof and demonstrate they worked more than forty (40) hours per week.

C. Whether Plaintiffs may overcome their burden of proof and demonstrate they are owed unpaid overtime wages.

D. Whether Plaintiffs may overcome their burden of proof and demonstrate that they were not properly reimbursed for fuel and cleaning expenses.

E. Whether 29 U.S.C. 203(m), titled "Definitions", provides Plaintiffs relief for claims of deduction of fuel and cleaning expenses.

F. Whether Plaintiffs' overtime claims are exempt under the Motor Carrier Act.
.

    G.      Whether Plaintiffs count for reimbursements is preempted by the FLSA.

    H.      Whether Defendants acted in good faith conformity in believing their actions did not violate the provisions of the FLSA or Florida Minimum Wage laws.

    I.      Whether Defendants acted willfully or in recklessly disregard of the provisions of the FLSA and Florida Minimum Wage laws.

    J.      Whether Plaintiffs claims are barred, in whole or in part, by the applicable statute of limitations.

    K.      Whether Plaintiffs' claims are *de minimis* and therefore should be barred.

    L.      Whether Defendants had actual or constructive knowledge of the hours being worked.

    M.      Whether Plaintiffs are entitled to recover wages during periods in time when no work was performed, including waiting to be engaged for work.

    N.      Whether Plaintiff were provided vehicles that can be used toward payment of a minimum wage.

    O.      Whether Plaintiffs are allowed to reneged on their stipulation that criminal convictions will not be referred to. [D.E. 82], [D.E. 158].

7)    **Concise Statement of Issues of Law on Which There is Agreement**

    A.      Those relevant to the facts set forth in number 5 above.

    B.      The Court has ruled that attorneys' fees, costs and liquidated damages shall not be referenced at trial. [D.E. 175].

    C.      The Court has ruled that Plaintiffs' pre-suit minimum wage notice under Florida law was legally sufficient. [D.E. 170].

    D.      The 7(i) commission exemption does not apply in this matter and Defendants no longer assert same.

**8)    Issues of Law and Fact Remaining for Determination by the Court**

    <u>**Joint Issues**</u>

    A.      The admissibility of character evidence of the individual Defendants may be determined if brought up at trial, and objections may be lodged. [D.E. 158].

    B.      The admissibility of prior lawsuits filed against the Defendants may be determined if brought up at trial, and objections may be lodged. [D.E. 158].

    C.      The admissibility of Plaintiffs' tax returns may be determined if brought up at trial, and objections may be lodged. [D.E. 175].

    <u>**For the Plaintiffs**</u>:

    A.      Imposition of Liquidated Damages should Plaintiffs prevail at trial. To be determined post trial motion based on evidence at trial.

    B.      Attorneys fees and costs should Plaintiffs prevail at trial. To be determined post trial motion based on evidence at trial.

    C.      Whether Defendants acted willfully.

    D.      The MCA exemption raised by the Defendants below, which Plaintiffs oppose.

    <u>**For Defendants:**</u>

    A.      Whether Plaintiffs are entitled to an award of attorney's fees and costs, and, if so, what amount?

    B.      Whether Defendants acted in good faith conformity in believing their actions did not violate the provisions of the FLSA or Florida Minimum Wage laws.

9) **Trial Exhibits**

    A.    Plaintiffs' Trial Exhibit List is attached hereto as Exhibit "A."

    B.    Defendants' Trial Exhibit List is attached hereto as Exhibit "B."

10) **Witness List**

    A.    Plaintiffs' Fact Witness List is attached hereto as Exhibit "C."

    B.    Defendants' Fact Witness List is attached hereto as Exhibit "D."

11) **Estimated Trial Time**

Plaintiffs estimate that this will be a 4 day jury trial at outer limits. The Defendants estimate that this will be a 10 day jury trial due to the number of Plaintiffs, claims, and witnesses.

12) **Estimate of Attorney's Fees**

Plaintiffs estimate their fees through post trial motions will be approximately $135,000.00 should they prevail at trial.

13) **Other**

The Parties have attached the same Exhibits Lists they filed with the previous pretrial stipulations along with the same objections. Due to the voluminous documents in this matter (including the trip sheets), the Parties reserve the right to object to any documents that were not timely disclosed if such is determined in the future and would also reserve to assert a UP objection regarding same.

DATED:  The  17th day of April, 2015.

**Respectfully Submitted,**

| | |
|---|---|
| J.H. ZIDELL, P.A. | LAW OFFICES OF EDDY O MARBAN |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
| 300 71ST STREET, #605 | 1600 PONCE DE LEON BLVD |
| MIAMI BEACH, FLA. 33141 | STE, 902, CORAL GABLES, FL 33134 |
| PH: 305-865-6766 | PH: 305.448.9292 |
| FAX: 305-865-7167 | FAX: 305.448.9477 |
| F.B.N. 0123870 | F.B.N.: 435960 |
| E-MAIL: DAVID.KELLY38@ROCKETMAIL.COM | E-MAIL: MARBANLAW@GMAIL.COM |
| | |
| BY:*S/ K. DAVID KELLY* | BY:*S/ EDDY MARBAN* |
| K. DAVID KELLY, ESQ. | EDDY MARBAN, ESQ. |