UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-24358-Civ-KING/TORRES

JOE GORDILS, et al.,

    Plaintiffs,

vs.

OCEAN DRIVE LIMOUSINES, INC., et al.

    Defendants.

_____/

**ORDER**

This matter is before the Court on the remaining discovery motions pending before the Court that have been referred for disposition. For the reasons that follow, the motions are adjudicated as follows:

1. Defendant's Motion for Protective Order [D.E. 196] is **DENIED** as moot following the filing of a related second motion for protective order [D.E. 201] that addresses the same issues.

2. Defendant's Motion for Protective Order [D.E. 201], as well as Defendant's Second Supplemental Motion for Protective Order [D.E. 202] are **GRANTED**.

3. These motions all address related arguments surrounding the notice of deposition duces tecum served upon Defendant's Certified Public Accountant. Plaintiff sought production of a slew of additional financial documents through a Rule 45 deposition subpoena upon the accountant. Though it is undisputed that Defendant produced redacted corporate tax returns for the relevant years, the subpoena directed

the accountant to produce a panoply of accounting and financial records, such as bank records, general ledgers, reconciliations, 1099s, as well as personal tax returns for the individual Defendants.

4. Upon review of the briefing on the motions for protective order, it was unclear how a financial audit of the Defendant's business operations was relevant in this case given that the parties stipulated to enterprise coverage, and the issue in dispute focused instead on the application of the motor carrier exemption. No authority was cited by Plaintiff in response to the discovery motions that at all explained how the financial documentation requested had any material bearing on the exemption issue.

5. In the intervening period since the original motion was filed, the Court also reviewed the supporting materials related to the parties' cross-motions for summary judgment, which motions have now been Denied in the Court's Order entered on this date. A review of the parties submissions and, most importantly, the issues of fact identified by the Court's Order that remain pending for trial on the exemption issue reveals that, in fact, the financial discovery at issue in this subpoena has little, if any, bearing, on what the case is about.

6. Clearly, Plaintiff was entitled, and already obtained, the type of information used in support of Defendant's motion as to the interstate/intrastate character of Defendants' business operations. [D.E. 218-14, 15]. To the extent that such summary judgment materials have come as a surprise to Plaintiff, Plaintiff can certainly raise that now after conferring with Defendant's counsel. But on this record the Court does not see how a financial audit of Defendants' business operations yields

any material value into the issues identified by the Court's Order on summary judgment.

7. Therefore, good cause has indeed been shown under Rule 26(c) why a protective order was necessary to prevent an unnecessary deposition of Defendant's CPA on matters that have no bearing on the claims and defenses in the case.

**DONE** and **ORDERED** in Chambers at the United States Courthouse, Miami, Florida this 22nd day of April, 2015.

_____
EDWIN G. TORRES
United States Magistrate Judge