UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-24358-KING

JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES, PEDRO P. SOSA,

    Plaintiffs,

vs.

OCEAN DRIVE LIMOUSINES, INC., OCEAN DRIVE LIMOUSINES, INC. SO. FLA., RICHARD BENETTI, and MELISSA BENETTI, individually,

    Defendants.
_____/

## JURY INSTRUCTIONS

### Jury Instruction No. 1

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

    It's my duty to instruct you on the rules of law that you must use in deciding this case.

    When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

<u>**Jury Instruction No. 2**</u>

**THE DUTY TO FOLLOW INSTRUCTIONS
CORPORATE PARTY INVOLVED**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees which are made within the scope of their duties as employees of the company.

## Jury Instruction No. 3

## CREDIBILITY OF WITNESSES

When I say you must consider all of the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular dispute doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Jury Instruction No. 4

## IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Jury Instruction No. 5

## RESPONSIBILITY FOR PROOF – PLAINTIFFS'S CLAIM - PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

## Jury Instruction No. 6

### PLAINTIFFS' BURDEN ON OVERTIME CLAIMS

In this case, Plaintiffs, JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PERSO P. SOSA claim that OCEAN DRIVE LIMOUSINES, INC., and OCEAN DRIVE LIMOUSINES, INC., did not pay them the overtime pay and minimum wage required by the Fair Labor Standards Act, also known as the FLSA. Defendants dispute Plaintiffs' claims and contend they are not owed any minimum wages or overtime pay, as Plaintiffs received compensation for all hours worked.

To succeed on his claim against OCEAN DRIVE LIMOUSINES, INC., OF SOUTH FLORIDA and OCEAN DRIVE LIMOUSINES, INC., each Plaintiff must separately prove the following facts by a preponderance of the evidence.

First:   JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO. SOSA were employees of OCEAN DRIVE LIMOUSINES, INC. OF SOUTH FLORIDA, and OCEAN DRIVE LIMOUSINES, INC., and that they were engaged in interstate commerce or the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second:  OCEAN DRIVE LIMOUSINES, INC., and OCEAN DRIVE LIMOUSINES, INC. SO. FLA., failed to pay Plaintiffs the minimum wage and overtime pay required by law.

The parties have stipulated to the interstate commerce requirement as to both corporations. It is also not disputed that OCEAN DRIVE LIMOUSINES, INC. SO. FLA., MELISSA BENNETTI and RICHARD BENNETTI employed JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA during the relevant time period. You therefore need not decide these issues. However, you will need to decide if OCEAN DRIVE LIMOUSINES, INC., was also the Plaintiffs' employer as the Defendants dispute that fact.

(Minimum Wage Claim): The minimum wage required by during the period involved in this case was $7.21 per hour during the period of January 2009 until July 23, 2009, $7.25 per hour during the period of July 24, 2009 through May 31, 2011, $7.31 per hour during June 1, 2011 through December 31, 2011 and $7.67 per hour in 2012.

(Overtime Claim): The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of one-half times the regular rate for all time worked after the first 40 hours.

The employee's regular hourly rate for one week is the basis for calculating any overtime pay due to the employee. The "regular hourly rate" for a week is determined by dividing the total wages paid for the week by the total number of hours that JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES, and PEDRO SOSA worked.

JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA have the burden to prove that OCEAN DRIVE LIMOUSINES, INC., and/or OCEAN DRIVE LIMOUSINES, INC. SO. FLA., knew or should have known that Plaintiffs

worked hours for which they were uncompensated.

The amount of damages is the difference between the amount JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA should have been paid and the amount they were actually paid.

JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA are entitled to recover overtime lost wages from the date of your verdict back to no more than two years before they filed this lawsuit on December 10, 2012, unless you find that the employer either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FLSA prohibited its conduct, then JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA are entitled to recover lost wages no more than three years before they filed this lawsuit on December 10, 2012.

Under Florida Minimum Wage Laws, JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA are entitled to recover minimum wages from the date of your verdict back to no more than four years before they filed this lawsuit on December 10, 2012, unless you find that the employer either knew or showed reckless disregard for whether the Florida Minimum Wage Laws prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the Florida Minimum Wage Laws prohibited its conduct, then JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA are entitled to recover minimum wages no more than five years before they filed this lawsuit on December 10, 2012

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, JOE GORDILS, FRANCISCO RAMOS, BEYMAR

SABOGAL, RIDER MORALES and PEDRO SOSA claim that OCEAN DRIVE LIMOUSINES, INC., OCEAN DRIVE LIMOUSINES, INC. SO. FLA., failed to keep and maintain adequate records of their hours. JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA also claim that OCEAN DRIVE LIMOUSINES, INC., OCEAN DRIVE LIMOUSINES, INC. SO. FLA.'s failure to keep and maintain adequate records has made it difficult for JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA to prove the exact amount of their claim.

If you find that OCEAN DRIVE LIMOUSINES, INC., and/or OCEAN DRIVE LIMOUSINES, INC. SO. FLA., failed to keep adequate time and pay records for JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA, and that Plaintiffs performed work for which they should have been paid, JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA may recover a reasonable estimation of the amount of their damages. But to recover this amount, JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES and PEDRO SOSA must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.

## Joint Proposed Jury Instruction No. 7

### Work Time

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion required by the employer and pursued necessarily and primarily for the benefit of the employer and his business. Permitting an employee to engage in an activity is considered "work" under the FLSA. Only time spent primarily benefiting the employer is compensable, that is, counts towards determining how many hours Plaintiff worked in a given week for determining whether Plaintiff is owed any wages. Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case.

## Jury Instruction No. 8

### Travel Time

An employee who travels from home before his regular workday and returns to his home at the end of the workday is engaged in ordinary home to work travel which is a normal incident of employment. Normal travel from home to work is not work-time.

An employee who travels as part of his principal activity must be counted as hours worked. Any work which an employee is required to perform while traveling must be counted as hours worked. Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. An employee who drives a vehicle is working while. *driving* JLK

## Jury Instruction No. 9

## Employee Standby or Waiting Time

"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives. Time spent waiting for an assignment may or may not count toward hours worked, depending on all of the circumstances. In making this determination, you must decide whether the Plaintiff was "waiting to be engaged," which is not compensable working time; or whether Plaintiff was "engaged to be waiting" which is working time. The key to determining whether the Plaintiffs were "waiting to be engaged" or "engaged to be waiting" is whether they were able to use the waiting time predominantly for the employer's benefit. "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

## **Jury Instruction No. 10**

### **Duty to Deliberate When Only the Plaintiffs' Claim Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Any verdict must be unanimous - in other words, you must all agree. Your deliberations are secret; and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Jury Instruction No. 11

### Election of Foreperson
### Explanation of Verdict Forms

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible - either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.