UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24358-cv-KING

JOE GORDILS, FRANCISCO RAMOS,
BEYMAR SABOGAL, RIDER
MORALES, and PEDRO P. SOSA,

    Plaintiffs,

vs.

OCEAN DRIVE LIMOUSINES, INC.,
OCEAN DRIVE LIMOUSINES, INC.
SO. FLA., RICHARD BENETTI, and
MELISSA BENETTI, individually,

    Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION FOR JUDGMENT AND OTHER POST-VERDICT MOTIONS

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Entry of Final Judgment (DE 263) and Plaintiffs' Renewed Motion for Judgment as a Matter of Law (DE 266).[1] After a four-day jury trial in this action for unpaid wages, the jury returned inconsistent verdicts. The jury answered "No" to the questions of whether, as to each Plaintiff, Defendants failed to pay overtime wages or minimum wages "required by law." Yet the jury went on to award damages "as overtime wages" to each Plaintiff.

The Court finds that the jury's verdicts are a fair and just result. Neither party objected to the verdicts as inconsistent before the Court discharged the jury. Therefore, both parties "waived the right to contest the verdicts on the basis of alleged inconsistency." *Mason*

---

[1] The Court concludes that Plaintiffs' Renewed Motion is timely.

*v. Ford Motor Co.*, 307 F.3d 1271, 1275–76 (11th Cir. 2002).[2] Plaintiffs waived that right a second time when they filed their motion for judgment on the verdict. Defendants pointed out the inconsistency in their response (DE 264) to Plaintiffs' motion for judgment, but Defendants made no motion for judgment as a matter of law; rather, they filed a Notice of Filing Bill of Costs (DE 267). Neither party moved for a new trial under Rule 59, and the time for doing so has expired.

Because the Court finds the jury's verdicts to be a fair and just result, because both parties waived (and waived again) any objection to the inconsistency of the verdicts, and because neither party moved for a new trial within the time permitted under the Federal Rules of Civil Procedure, the Court will enter judgment on the verdicts, just as the jury rendered them.

Plaintiffs' request for liquidated damages is denied. Liquidated damages are available only against "[a]ny employer who violates the provisions of section 206 or section 207 of" the Fair Labor Standards Act. The jury found that Defendants did <u>not</u> fail to pay the Plaintiffs overtime or minimum wages "required by law." DE 260, at 1.

As for Plaintiffs' Renewed Motion for Judgment as a Matter of Law (DE 266), it is a cursory renewal of Plaintiffs' motion for judgment as a matter of law that was made and denied during trial. For the same reasons the Court denied Plaintiffs' earlier motion for judgment as a matter of law, the Court denies the renewed motion for judgment as a matter of law.

---

[2] The court rejects Defendants' assertion than an objection would have been futile.

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Plaintiffs' Motion for Entry of Final Judgment **(DE 263)** be, and the same is, hereby **GRANTED in part**. Pursuant to the jury's verdicts, Plaintiffs shall be awarded $19, 523.79, which sum shall be itemized in a contemporaneous Final Judgment.

2. Plaintiffs' Renewed Motion for Judgment as a Matter of Law **(DE 266)** be, and the same is, hereby **DENIED**.

3. Defendants' Motion to Defer Entry of Final Judgment **(DE 273)** be, and the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of August, 2015.

                                                      JAMES LAWRENCE KING
                                                      UNITED STATES DISTRICT JUDGE
                                                      SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record