UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-24358-KING

JOE GORDILS, et al.

      Plaintiffs,

vs.

OCEAN DRIVE LIMOUSINES, INC., et
al.

      Defendants.

_____/

## DEFENDANTS' VERIFIED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS OF LITIGATION AND COMBINED MOTION TO OFF-SET PLAINTIFFS' ATTORNEY'S BY FEES AWARDED TO DEFENDANTS

COME NOW Defendants, OCEAN DRIVE LIMOUSINES, INC., OCEAN DRIVE LIMOUSINES, INC. SO. FLA., RICHARD BENETTI and MELISSA BENETTI, by and through their undersigned counsel, and pursuant to Local Rule 7.3, and Section 768.79 of the Florida Statutes, hereby move for an award of attorneys' fees and costs of litigation and to off-set Plaintiffs' Attorney's by Fees Awarded to Defendants, and as grounds allege:

## I.    PREAMBLE

1.    Plaintiffs filed a four-count Complaint alleging unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), unpaid minimum wages under the FLSA, unpaid minimum wages under the Florida Minimum Wage Act ("FMWA"), F.S.§ 448.110, and Reimbursement of Expenses. [D.E. 16].

2.    Plaintiffs sought a total of **$438,589.28** in damages for both the overtime ($154,183.04) and minimum wages ($284,406.24). The overtime wages were calculated at the rate of half-time, as Plaintiffs were admittedly paid by commission. Exhibits A-E.

3.      The Jury found no overtime violations, but awarded **$19,523.79** in overtime damages to the five Plaintiffs. The jury found no minimum wage violations and awarded $0.00 damages on the FLSA and FMWA claims. The Court also entered directed verdict against Plaintiffs on the Reimbursement of Expenses, Count III of the Complaint. [D.E. 16]. On that Count, GORDILS sought $49,700.00 in gas expenses ($350.00 x 142 weeks) + $4,260.00 in carwash expenses ($30.00 x 142 weeks) = **$53,960.00** (Exhibit A #4); RAMOS sought $55,650.00 in gas expenses ($350.00 x 159 weeks) + $4,770.00 in carwash expenses ($30.00 x 159) = **$60,420.00** (Exhibit B #4); SABOGAL sought $84,350.00 in gas expenses ($350.00 x 241 weeks) + $7,230.00 in carwash expenses ($30.00 x 241 weeks) = **$91,580.00** (Exhibit C #4); SOSA sought $39,550.00 in gas expenses ($350.00 x 113 weeks) + $3,390 in carwash expenses ($30.00 x 113 weeks) = **$42,940.00** (Exhibit D #4); and MORALES sought $25,200.00 in gas expenses ($350.00 x 72 weeks) + $2,160.00 in carwash expenses ($30.00 x 72 weeks) = **$27,360.00** (Exhibit E #4). Thus, Plaintiffs claimed an additional total of **$276,260.00** in expenses. The total amount of damages sought was **$438,589.28 + $276,260.00 = $714,849.28**. Plaintiffs therefore recovered only 3% of the total damages originally claimed. [D.E. 260].

4.      In closing argument, Plaintiffs' counsel inconsistently argued that Plaintiffs should be awarded overtime damages calculated at the rate of **time-and-a-half** their regular rate, **or three times the amount initially sought.** Thus, in closing argument, Plaintiffs' overtime claim was tripled to **$463,399.56**; bringing the total damages sought to **$1,024,065.80,** and the percentage of recovery was reduced even further to 1.9%.

5.      Defendants were the prevailing parties on the **FMWA, minimum wage claims**. [D.E. 281].

### The Offers of Judgment as to Each Plaintiff Pursuant to F.S. 768.79

6.     On January 6, 2014, Defendants timely served Plaintiffs with a Proposal for Settlement as to each Plaintiff's Florida Minimum wage claims. The Proposals for Settlements were directed to the Florida minimum wage claims only. Copies of the Proposals for Settlement, one as to each Plaintiff, are attached hereto as Exhibit F. Plaintiffs rejected the Proposals for Settlement of the Florida Minimum wage claims as they did not accept the offer within thirty (30) days. Pursuant to Florida Statutory law, Defendants are entitled to recover reasonable attorney's fees and costs from Plaintiffs, as they were the prevailing parties on the FMWA claims. *See* §768.79(1), (6); Fla. Stat. (2014).

## MEMORANDUM OF LAW JUDGMENT SECTION
## F.S. § 768.79 ATTORNEYS' FEES AND COSTS

7.     Defendants are the prevailing party on the Florida minimum wage claims. "A prevailing party is one who has "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers Ass'n v. Garland Independent School Dist.,* 489 U.S. 782, 791, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989).

8.     The FMWA states that any action brought to recover minimum wages is subject to the Florida Offer of Judgment statute (i.e., F.S. § 768.79; F.S 448.110(6)(d)). Section 768.79 of the Florida Statutes provides that a Defendant shall be awarded reasonable attorneys' fees and costs where the Defendant serves a proposal for settlement, which is not accepted by the Plaintiff, and the judgment is *one of no liability* or the judgment obtained by the plaintiff is at least 25%t less than the amount of the proposal. §768.79(6)(a); Fla. Stat. (2014). The Statute allows Defendants to off-set their attorney's fees from the Judgment obtained by Plaintiffs:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred

3

by her or him or on the defendant's behalf ... from the date of filing of the offer if the judgment is one of **no liability** . . . and the court shall set off such costs and attorney's fees against the award.

(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:

(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, **the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees . . .** incurred from the date the offer was served, and the **court shall set off such costs in attorney's fees against the award.** When such costs and attorney's fees total more than the amount of the judgment, **the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.** Fla. Stat. § 768.79(1), (6) (emphasis added).

9.      This Court holds that section 768.79 of the Florida statutes is substantive and may be used in Federal Court against a party that does not beat the offer of judgment on State law claims litigated in Federal court. See *McMahan v. Toto,* 256 F.3d 1120, 1132 (11th Cir. 2001), modified on other grounds, 311 F.3d 1077 (11th Cir. 2002); see also *Tanker Mgmt., Inc. v. Brunson,* 918 F.2d 1524, 1527 (11th Cir. 1990); *Schultz v. Sch. Bd. of Miami-Dade County,* 2002 U.S. Dist. LEXIS 27868, *9 (S.D. Fla. Dec. 9, 2002).

10.     Federal cases which interpreted the statute found that the F.S. § 768.79 creates a mandatory right to attorney's fees and costs to Defendants. *James v. Wash Depot Holdings, Inc.,* 489 F. Supp.2d 1336, 1340 (S.D. Fla. 2007).

11.     The Amended Final Judgment states that Plaintiffs "shall recover nothing as minimum wages in this action." [D.E. 281]. Thus, Defendants are entitled to an award of reasonable attorneys' fees and costs incurred in connection with this matter since January 6, 2014, when the offer of Judgments were made individually as to each Plaintiff on the FMWA claims. *See* Fla. Stat. § 768.79(6)(a); Fla. Stat. (2014).

4

## Off-Set of Plaintiffs' Award of Attorney's Fees

12.     Defendants' attorneys' fees, as per the time entries are, $137,877.50 and costs of $20,127.04 (as prevailing parties). Exhibit G; [D.E. 267-1].[1]

13.     Assuming *arguendo* that the Court determines Plaintiffs should be deemed the prevailing parties, their attorney's fees and costs should be reduced substantially according to precedent because of their limited success. It is well established in this jurisdiction that a minimal recovery or limited success in FLSA cases justifies a substantial recovery of attorney's fees and costs. *Brandt v. Magnificent Quality Florals Corp.*, 2011 U.S. Dist. LEXIS 113195, *37 (S.D. Fla. Sept. 30, 2011) (70% reduction); *Roldan v. Pure Air Solutions, Inc.*, 2010 U.S. Dist. LEXIS 12779, 2010 WL 410571 *8 (S.D. Fla. Jan. 29, 2010) (reducing attorney's fees lodestar calculation by 85% based upon limited success).

14.     Plaintiffs obtained only 1.9% of the total damages claimed at trial. Any attorney's fees and costs to Plaintiffs, if any, should be substantially reduced.

15.     The right of set-off (also called "off-set") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A." *Citizens Bank v. Strumpf,* 516 U.S. 16, 18, 116 S. Ct. 286, 289 (1995) (internal citations omitted).

16.     In the event the Court should issue two judgments, one in favor of the Plaintiffs and the other in favor of the Defendants, the court would then have to resort to Fed.R.C.P. 69, which allows supplementary proceedings in order for parties to execute upon judgments. In such event, the Court must apply the procedure allowed by Florida law. *Id.* at subsection (1).

---

[1] Defendants have filed their Bill of Costs. [D.E. 267-1]. Plaintiffs filed a Response objecting to various costs. [D.E. 268]. Defendants in their Reply agreed that some of the costs were not taxable costs. [D.E. 278]. For this reason, the amount sought for costs in this Motion is for a lower amount.

17.     Florida law requires the entry of only one judgment, off-setting liabilities from the other party. In *Angel Home Health Care, Inc. v. Mederi of Dade County, Inc.,* 696 So.2d 487, 488 (Fla. 3d DCA 1997), Angel Home sued Mederi — a nearly insolvent defendant — for breach of contract, and Mederi counterclaimed for fraud. The jury returned a $45,459.33 verdict for Angel Home and a $6,432.00 verdict for Mederi. Rather than set-off the obligations, the trial judge entered a separate judgment on each verdict. In a *per curiam* reversal, the case was remanded with instructions to set off the judgments:

> [T]he two final judgments entered in this case will result in a great injustice if, as it appears possible, Mederi is insolvent. If this is the case, Mederi would be entitled to collect on its judgment of $6,432.00 while Angel Home would be unable to collect on its greater judgment. *Id.* at 488.

18.     "Such a result," the opinion concludes, "would be totally absurd." *Id.* at 488.

19.     In *Nationwide Mutual Fire Ins. v. Voigt,* 21 So. 3d 895 (Fla. 2d DCA 2009), the appellate court reversed the entry of two separate judgments and remanded "for the trial court to enter a net judgment after the appropriate set-off."

20.     Procedurally, Federal Rule 68 is analogous to the Florida Offer of Judgment Rule in that Rule 68 allows the entry of judgment against Plaintiffs for costs. The Court should off-set any attorney's fees and costs to Plaintiffs by the amount of fees and costs to which it determines Defendants are entitled. Only one Judgment for attorney's fees should be entered in favor of Defendants, as their attorney's fees and costs should exceed that to the Plaintiffs.

## II.     THE AMOUNT OF THE AWARD

### Memorandum of Law

Attorney's fee awards in Federal Court pursuant to F.S. § 768.79 are calculated by multiplying the number or hours reasonable expended times a reasonable rate. The reasonable hourly-rate is the prevailing market rate in the community for similar services by lawyers or

reasonable comparable skill. *Tiara Condo. Ass'n v. Marsh & McLennan Cos.*, 697 F. Supp.2d 1349, 1361 (S.D. Fla. 2009).[2]

In determining an appropriate award of attorney's fees, the seminal case is *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), in which the Fifth Circuit set forth various criteria, consistent with the ABA guidelines, to be considered by District Courts in calculating fee awards. *Id.* at 717-19. Previously, the District Courts first determined lodestar (i.e., the total number of hours reasonably expended on the case multiplied by a reasonable hourly-rate) and then used discretion based on the *Johnson* factors to set a multiplier to adjust or enhance the lodestar.

The judicial approach to this issue has changed, particularly since the Supreme Court's decision in *Pennsylvania v. Delaware Valley*, 483 U.S. 711 (1987) (the hourly-rate used to compute the lodestar for fees under the Clean Air Act should be based upon rather than enhanced or multiplied by some of the *Johnson* factors.). Accordingly, District Courts awarding attorney's fees in a wage and hour claim, including the 11th Circuit and the courts of this District, eschew the multiplier approach and use some of the *Johnson* factors to set an appropriate hourly rate for calculation of the lodestar. See *Cullens v. Georgia Dept. of Transportation*, 29 F.3d 1489, 1494 (11th Cir. 1994); *York v. Alabama State Bd. of Educ.*, 631 F. Supp. 78, 84 (M.D. Ala. 1986). The *Johnson* factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether

---

[2] According to the 11th Circuit, the most important *Johnson* factor to be considered when setting the rate of pay for calculation of the lodestar is the "going rate" in the community, which is defined to mean "[a] reasonable hourly rate... in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation." *Martin v. Univ. of Ala.*, 911 F.2d 604, 610 (11th Cir. 1990); *Reynolds v. Alabama Dept. of Transp.*, 926 F. Supp. 1448, 1457 (M.D. Ala. 1995).

the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Brandt v. Magnificent Quality Florals Corp.*, 07-20129-CIV, 2011 WL 4625379 (S.D. Fla. Sept. 30, 2011) *reconsideration denied,* 07-20129-CIV, 2011 WL 5191012 (S.D. Fla. Nov. 1, 2011) *citing Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974)).

Federal courts have applied this method in cases involving substantive Florida law, and specifically involving F.S. §768.79. *Egwuatu v. Burlington Coat Factory Warehouse Corp.*, 2011 U.S. Dist. LEXIS 95467 (M.D. Fla., Aug. 25, 2011).

The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly-rate. Adjustments to that fee may then be made as necessary in the particular case. *Blum v. Stenton*, 465 U.S. 886, 888 (1984); *Kreager v. Solomon & Flannagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985); *Hendrick v. Hercules, Inc.*, 658 F.2d 1088 (5th Cir. 1981). Particularly in FLSA cases, "[I]t is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *James v. Wash Depot Holdings, Inc.*, 489 F. Supp.2d 1341, 1347 (S.D. Fla. 2007).

## A.    The Number of Hours Reasonably Expended in the Case

Attached to this Motion are the hourly billing records for the Law Firm involved in defending Plaintiffs' Florida Minimum Wage claims against Defendants. See Affidavit of Eddy O. Marban, Esq., Alexandra Nadal, Esq. and Isaac Mamane, Esq., marked as Exhibit G. Sworn testimony by counsels that the hours were spent in litigating this case is evidence of considerable

weight of the time required and the hours must appear obviously and convincingly excessive to warrant a reduction. See *Perkins v. Mobile Housing Auth.*, 847 F.2d 735, 738 (11th Cir. 1988).

In this case, as evidenced by the attached Exhibit G, the minimum total number of hours expended by Defendants' counsels (since the time the offer of judgment was made on January 6, 2014) for representation related to Plaintiffs' Florida Minimum Wage claims against Defendants is as follows:

| | |
|---|---|
| Eddy O. Marban, Esq. | 255.60 Hours |
| Alexandra Nadal, Esq. | 30.85 Hours |
| Isaac Mamane, Esq. | 43.15 Hours |
| Elisbet Aranda, Paralegal | 20.00 Hours |

The hours represented in Exhibit G are reasonable, and were necessary to defend against Plaintiffs' claims for unpaid minimum wages. *Hours spent exclusively in defense of unpaid overtime claims are not included in these totals*, such as time spent litigating Motions for Summary Judgment and/or Motor Carrier Act exemption on the overtime claims.

Plaintiffs' claims for unpaid overtime and minimum wages were inextricably intertwined. Plaintiffs litigated their wage claims based on a theory of off-the-clock waiting time. Each Plaintiff estimated that they worked an average of 80 hours per week during the "high season" (with the exception of Plaintiff SABOGAL, who estimated 98 hours per week during the "high season") and 72 hours per week during the "low season."

Defendants challenged Plaintiffs' theory of off-the-clock waiting time. Defendants claimed that the maximum number of hours Plaintiffs could have possibly worked would be reflected in the "trip sheets," which were admitted into evidence at trial as Plaintiffs' Exhibits 1-5, and that the actual number of hours worked was likely much lower due to cancellations, early

drop-offs, or reservations requiring a four or five-hour minimum. Defendants created a chart which summarized the information contained in the trip sheets, and demonstrated that no Plaintiff ever worked enough hours to render his regular rate below minimum wage for any given week. It is evident that the jurors accepted Defendants' theory guided by the trip sheets over Plaintiffs' off-the-clock waiting time theory since the damages awarded for unpaid overtime reflected the exact amount calculated in Defendants' chart, admitted into evidence. Exhibit H.

In reviewing Defendants' chart, it is evident that Plaintiffs' claims were frivolous because it showed that Plaintiffs did not work during the times they alleged to have worked and that no Plaintiff ever worked enough hours to render his regular rate below minimum wage for any given week. When Plaintiffs worked a greater number of hours, they received a substantial paycheck, some in excess of $2,000.00. When Plaintiffs received a check for a minor amount of money, it was during weeks when they did not work.

For example, during the slow season there were times when the Defendant corporation had zero jobs on a given day. Plaintiffs advanced the theory where employees would sit and wait for jobs, even though the company did not have work. This theory lacks any logical basis or factual support, and was further contradicted by Plaintiffs' own financial records. Plaintiffs' bank records evidence that they were not working as they entered transactions during the alleged "waiting time" when they were working for Defendants. Plaintiffs' bank records also show that they were receiving substantial income from other employers other than the Defendants. The bank records also show the actual employers for Plaintiffs and show that Plaintiffs were on trips outside the State of Florida during the relevant time period. Plaintiffs' tax returns show that they were taking deductions for work performed for other employers. Accordingly, the jurors declined to award any damages based on this frivolous theory.

10

Defense counsels' efforts in litigating this issue allowed Defendants to prevail on the Florida Minimum Wage claims, yet had the added benefit of significantly reducing the amount of Plaintiffs' recovery for unpaid overtime.

In *Brandt v. Magnificent Quality Florals Corp*, 2011 U.S. Dist. LEXIS 113195 (S.D. Fl., Sept. 30, 2011), this District addressed the same issue. In that case, Plaintiffs' counsel sought an award for fees where Plaintiffs prevailed only as to one Plaintiff. *Id.* In reviewing Plaintiffs' counsels' billing entries, the Court determined that the "hours billed by the Plaintiff's Counsel [which] only relate to work performed on behalf of Plaintiff Brandt, *or work that would have been performed even if Mr. Lopez was not a party to this litigation*" was reasonable. *Id.* at *30 (emphasis added). Therefore, the hours reasonably expended in defending the case should include any work that would have otherwise been performed since Defendants had to refute Plaintiffs' off-the-clock waiting time theory as a whole in order to prevail on the minimum wage claims.

Furthermore, as evidenced by Exhibit G, Defendants' counsel expended 4.30 hours in bringing this Motion against Plaintiffs.

**B.    Reasonable Hourly-Rate**

Attorney's fee awards in Federal Court pursuant to F.S. § 768.79 are calculated by multiplying the number or hours reasonable expended times a reasonable rate. The reasonable hourly-rate is the prevailing market rate in the community for similar services by lawyers or reasonable comparable skill. *Tiara Condo. Ass'n v. Marsh & McLennan Cos.*, 697 F. Supp.2d 1349, 1361 (S.D. Fla. 2009).[3] Evidence of prevailing rates for comparable services can be

---

[3] According to the 11th Circuit, the most important *Johnson* factor to be considered when setting the rate of pay for calculation of the lodestar is the "going rate" in the community, which is defined to mean "[a] reasonable hourly rate... in the relevant legal community for similar

adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Hensley v. Eckhart*, 461 U.S. 424, 439 n. 15 (1983)); see also *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988).

The Court is considered an expert on the reasonableness of the attorney's fee and may consider its own knowledge and experience concerning the reasonable and proper fees either with or without expert testimony as to value. *Reppert v. Mint Leaf, Inc.*, 2013 U.S. Dist. LEXIS 17105, *6 (S.D. Fla. Jan. 31, 2013).

Defendants' counsel, Edilberto O. Marban, has practiced law for 32 years, and specializes only in employment litigation. Mr. Marban has litigated hundreds of FLSA and FMWA cases (the vast majority of those cases were settled). The prevailing rate for counsel with Mr. Marban's experience, in the Southern District of Florida, is at least $450.00. *Lane v. Capital Acquisitions & Mgmt. Co.*, 554 F. Supp.2d 1345, 1353 (S.D. Fla. 2008); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp.2d 1341, 1350 (S.D. Fla. 2007). See also Affidavit of Jose Diaz, Esq. Exhibit I.

Based on the above and his Affidavit, Defendants' counsel submits that the prevailing rate in the community for an attorney of Mr. Marban's experience is at least $450.00 per hour.[4]

Additionally, Defendants' counsel's associate attorney, Alexandra Nadal, has practiced law for three years. Throughout her legal career, she has assumed many critical responsibilities working as the senior associate in both her current and previous firms, and has litigated numerous FLSA and FMWA claims during her employment with Mr. Marban. The prevailing rate for counsel with Ms. Nadal's experience, in the Southern District of Florida, is at least

---

services by lawyers of comparable skills, experience, and reputation." *Martin v. Univ. of Ala.*, 911 F.2d 604, 610 (11th Cir. 1990); *Reynolds v. Alabama Dept. of Transp.*, 926 F. Supp. 1448, 1457 (M.D. Ala. 1995).

[4] In *Powell v. Carey Intern., Inc.*, 547 F. Supp.2d 1281, 1293 (S.D. Fla. 2008), it was stated: "The Court does not question that the range of customary rates for lawyers with the years of experience of Boreth and Glasser includes the rate of $450."

$250.00. *See, e.g., Karow v. Day & Zimmermann NPS, Inc.*, 2015 U.S. Dist. LEXIS 84092 (S.D. Fla. June 29, 2015).

Based on the above and her Affidavit, Defendants' counsel submits that the prevailing rate in the community for an attorney of Ms. Nadal's experience is at least $250.00 per hour.

Defendants' counsel, Isaac Mamane, Esq., has practiced law for 6 years. The bulk of his practice (99%) is employment litigation. Mr. Mamane has litigated hundreds of FLSA cases (the vast majority of those cases being settled).

Mr. Mamane has successfully participated and tried three cases, resulting in successful verdicts in all cases. Mr. Mamane tried his first case styled, *Laura Corbo v. Zuperpollo, et al.*, filed in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 10-35250 CA 23, tried on May 23, 2012. Plaintiff Corbo recovered her entire claim of minimum and overtime wages, totaling $87,566.78.

In the second case styled, *Miller Blanco, et al. v. Biscayne Wine Group, LLC*, et al. filed in the United States District Court, Southern District of Florida, Case No. 11-23998-Bandstra, Mr. Mamane conducted the direct examination of four out of six Plaintiffs. All four Plaintiffs examined by Mr. Mamane received verdicts for violations of overtime and/or minimum wage pay.[5]

Based on the above and his Affidavit, Defendants' counsel submits that the prevailing rate in the community for an attorney of Mr. Mamane's experience is at least $300.00 per hour.

Lastly, a total of 20.00 hours is requested by the Paralegal for the firm for the work performed in this case at a rate of $110.00 per hour.

---

[5] Including one Plaintiff receiving a jury award greater than the amount she was seeking.

The Affidavit of Jose Diaz, Esq., is attached hereto. Mr. Diaz' Affidavit evidences that a reasonable rate for Defendants' counsel in this case is $450.00 an hour, that a reasonable rate for Mr. Mamane in this case is $300.00 an hour, that a reasonable rate for counsel's associate, Ms. Nadal is $250.00 an hour and that a reasonable rate for counsel's paralegal is $110.00 an hour. Exhibit I.

### III.   TERMS OF FEE AGREEMENT

Defendants entered into a standard hourly fee agreement with counsel, in which counsel will be paid per billable hour based on the rate corresponding to the attorney or staff member billing the time. It was agreed orally that Mr. Marban would be paid $350.00 per hour, and that the work of his associate counsel, Mr. Mamane at the rate of $300.00, and Ms. Nadal at the rate of $250.00 per hour.

Although the arrangement for the clients, who have been long term clients with the undersigned was for payment of $350.00 per hour for Mr. Marban, Federal Law allows the Court to assess the higher fee customary fee $450.00 per hour. *Mayson v. Pierce,* 806 F.2d 1556, 1557-58 (11th Cir. 1987); *Webster v. Fulton Cnty.,* 112 F. Supp.2d 1339, 1375 (N.D. Ga. 2000).

### IV.   CONCLUSION

Based upon the above, counsel for Defendants requests that the Court enter an Order for attorneys' fees in the total amount of $137,877.50 and costs in the amount of $20,127.04.

WHEREFORE, Defendants pray that the Court enter an Order assessing reasonable attorneys' fees incurred in this action, together with any and all other relief as the Court deems just and proper.

**CERTIFICATION**

Counsel for Defendants certifies that he has fully reviewed the time records and supporting data and that the instant Motion is well-grounded in fact and justified.

**CERTIFICATE OF COMPLIANCE**

Counsel for Defendants hereby certifies that he has conferred with opposing counsel prior to filing this motion. Defendants have been unable to resolve by agreement the instant Motion.

I declare under penalty of perjury under the laws of the United States of America, and under 28 U.S.C. § 1746, that the foregoing is true and correct.

_____
EDDY O. MARBAN, ESQ.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to J.H. Zidell, Esq. of J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, Florida 33141, on this 16th day of September, 2015.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: _s/Edilberto O. Marban_
     EDDY O. MARBAN, ESQ.
     Fl. Bar No. 435960