UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-24358-CIV-KING

JOE GORDILS et al.,
    Plaintiffs,
vs.

OCEAN DRIVE LIMOUSINES, INC. et al.,
    Defendants.
_____/

## **PLAINTIFFS' MOTION TO TAX COST**

NOW COME the Plaintiffs JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES, and PEDRO SOSA, through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and states as follows:

1. This matter sounds under the Fair Labor Standards Act.

2. Pursuant to an Offer of Judgment accepted by Plaintiff Daisy M. Rodriguez, the Court on 11/20/13 entered an Order Dismissing Claims [DE 64], which states that Plaintiff Rodriguez may separately file motions for fees and costs. Pursuant to same, Plaintiff Rodriguez filed a motion to tax costs [DE 79]. However, as indicated by [DE 93], Plaintiff Rodriguez filed a notice of resolution as to "costs". Therefore this Motion does not seek costs attributed to Plaintiff Rodriguez--[DE 79] sought cost in the amount of $283.91.

3. Following trial, the Jury rendered a Verdict [DE 260] entered on 7/16/15 for Plaintiffs regarding their overtime claims. Thus, Plaintiffs are the prevailing parties under 29 USC 216(b) of the Fair Labor Standards Act (the "FLSA") as to such claims. The said Verdict awarded Plaintiffs the following sums as overtime wages: Joe Gordils $1,506.12; Francisco Ramos $5,948.92; Beymar

        Sabogal $5,756.76; Rider Morales $905.60; Pedro Sosa $5,406.39.  The Court entered an amended final judgment on 8/28/15 [DE 281] regarding those awards.

4. Costs should be taxed against the said Defendants as follows.

## **MEMORANDUM OF LAW AND ARGUMENT**

Plaintiffs hereby attach a completed AO 133 Form Bill of Costs.  As set forth in the Bill, Plaintiffs seek the balance (less the amounts sought previously in Plaintiff Rodriguez' cost motion).  Plaintiff Rodriguez' cost motion was previously resolved in the amount of $283.91, and therefore Plaintiffs subtract that from the total and seek $13,852.52 in costs.  Plaintiff seeks all costs set forth in the Bill under 28 U.S.C. Section 1920, and they were all reasonably necessary to prosecute Plaintiffs' claims.  Therefore, the Plaintiffs should be awarded costs as the prevailing parties against the Defendants jointly and severally, and also as a plaintiff-employees pursuant to 29 USC 216(b) under the Fair Labor Standards Act.

As to the Verdict, the Court has entered an Amended Final Judgment [DE 281], and found in an Order filed as [DE 274] that it considers the Jury's awards appropriate. Although the Jury awarded overtime (and not minimum wages), Plaintiffs' minimum wage claims are closely intertwined with the Plaintiffs' overtime claims and therefore Plaintiffs should be awarded the full amount of  fees and costs under the rules.  *See, Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983)( "The "American Rule" that each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary").  Plaintiffs are the prevailing parties under 29 USC 216(b) of the Fair Labor Standards Act.  In *Caballero v.*

*Sum Yum Gai, Inc.*, No. 08-23018-CIV, 2011 WL 1675001, at *4 (S.D. Fla. May 3, 2011), this Court stated that it "finds that the plaintiffs' minimum wage claims are intertwined with the plaintiffs' overtime claims and that the plaintiffs should be awarded the full fees incurred for the minimum wage claims. *See Hensley,* 461 U.S. at 438 ("Given the interrelated nature of the facts and legal theories in this case, the District Court did not err…."). In case at bar, Plaintiffs were awarded on the Verdict form, significantly more wages than the $10 set forth in Defendants' offers of judgment.

Another point is that Defendants' offers of judgment are clearly unreasonable. As indicated by the offers of judgment filed by the Defendants as [DE 264-1], Defendants offered Plaintiffs a mere ($10) for their minimum wage claims.[1] This Court previously ruled that "[b]ecause the Court finds that even if the state law offer of judgment statute applied to the FLSA claims the offer of settlement was unreasonable, the Court finds no occasion to address this issue." *James v. Wash Depot Holdings, Inc*., 489 F. Supp. 2d 1336, 1340 (S.D. Fla. 2007).[2] In *James*, the offer of judgment amounted to $10,000. *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1336, 1340 (S.D. Fla. 2007). The Court found $10,000 to be unreasonable. In the instant case, as set forth in [DE 264-1],

---

[1] Purportedly, submitted under Florida Statutes Section 768.69.

[2] It also incorporates the Florida offer of judgment statute. Fla. Stat. § 448.110(6)(d). *Hanna v. CFL Pizza, LLC*, No. 6:11-CV-1837-ORL-22, 2012 WL 515875, at *3 (M.D. Fla. Jan. 30, 2012) report and recommendation adopted, No. 6:11-CV-1837-ORL-22, 2012 WL 513017 (M.D. Fla. Feb. 16, 2012). *See also*, *Kwasnik v. Charlee Family Care Servs. of Cent. Florida, Inc.*, No. 608-CV-926-ORL-31KRS, 2009 WL 1607809, at *4 (M.D. Fla. June 9, 2009). Plaintiffs' discussion of *Kreager* in the instant Reply shows that the federal court should not permit fees to be shifted in federal FLSA matters. Perhaps at most, the Florida minimum wage statute's offer of judgment provision should be limited to minimum wage cases filed in state court. Section 24(f), Article 10 of the Florida Constitution that indicates that the "federal FLSA shall guide the construction of this amendment…."

Defendants offered Plaintiffs a mere ($10) for their Florida minimum wage claims, and nothing was offered for fees and costs. Such was unreasonable, and did nothing to foster meaningful settlement negotiations.

The Third DCA in *Shaw* found that "[t]here is no reason to impose a sanction on Shaw for rejecting Central's $1,000.00 offer in 2004, when Shaw achieved a much better $10,000.00 settlement." *Cent. Motor Co. v. Shaw*, 3 So. 3d 367, 370 (3rd Fla. Dist. Ct. App. 2009). As stated, in *Caballero v. Sum Yum Gai, Inc.*, No. 08-23018-CIV, 2011 WL 1675001, at *4 (S.D. Fla. May 3, 2011), this Court stated that it "finds that the plaintiffs' minimum wage claims are intertwined with the plaintiffs' overtime claims and that the plaintiffs should be awarded the full fees incurred for the minimum wage claims. *See Hensley,* 461 U.S. at 438 ("Given the interrelated nature of the facts and legal theories in this case, the District Court did not err…."). In case at bar, Plaintiffs were awarded on the Verdict form, significantly more wages than $10. Plaintiffs are the prevailing Parties and should be awarded costs.[3]

The Court should find that Defendants' offers of judgment in the amount of $10 for their minimum wage claims were unreasonable, and that Plaintiffs are the prevailing

---

[3] The legal authority on whether to tax attorney fees against a non-prevailing Plaintiff and his/her Counsel in an FLSA context is *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985.). *Kreager*, citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975), stated "federal courts that award attorney fees, unless statutorily prescribed, follow the 'American Rule'" as stated in *Alyeska Pipeline*: namely, absent a specific provision of Congress, a litigant may not recover attorney fees. The Eleventh Circuit Court of Appeals, in *Kreager*, further commented that the F.L.S.A. only explicitly authorizes attorney fees to prevailing plaintiffs: **not prevailing defendants**. (29 U.S.C. 216(B). S*ee also, Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983)( "The "American Rule" that each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary"). However, that issue will be more thoroughly addressed in the fee motions as the instant Motion concerns costs.

Parties. Plaintiffs successfully obtained a summary judgment ruling that Plaintiffs were employees not independent contractors, and that no 7(i) exemption applied. Moreover, the Defendants did not abandon their MCA exemption arguments until approximately (1) week before the trial. Thus, counsel had to litigate those exemptions during this entire litigation and this matter was filed in 2012. Numerous depositions had to be taken in this matter, and (3) summary judgment motions were filed by both sides. Such presented ongoing difficulty as depositions continued to be taken which supplemented the record continuously throughout this litigation, and Defendants produced approximately 6500 documents (which were primarily trip sheets). In addition, there were multiple Plaintiffs in this matter, and Defendants propounded (3) sets of discovery requests on each Plaintiff. As such, this litigation was abnormally time-consuming and laborious, and accordingly generated the costs set forth in the Bill. Nevertheless, Defendants' tendered unreasonable offers of judgment in the amount of $10 for the minimum wage claims, and never made any formal offers until the week preceding trial after significant attorney resources were exhausted since 2012. The Court should find that Plaintiffs are the prevailing Parties, and therefore entitled to an award of costs.

WHEREFORE PLAINTIFFS GORDILS, RAMOS, SABOGAL, MORALES AND SOSA REQUEST COSTS IN THE AMOUNT OF $13,852.52 BE TAXED AGAINST DEFENDANTS OCEAN DRIVE LIMOUSINES, INC., OCEAN DRIVE LIMOUSINES, INC. SO. FLA., RICHARD BENETTI (A/K/A RICHARD BENNETTI), AND MELISSA BENETTI (A/K/A MELISSA BENNETTI), JOINTLY AND SEVERALLY.

## **CERTIFICATE OF CONFERRAL**

Defense counsel Mr. Marban stated that Defendants' oppose this Motion.

Respectfully submitted,

K. DAVID KELLY, ESQ.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FLA. 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: DAVID.KELLY38@ROCKETMAIL.COM
F.B.N. 0123870
BY:__/s/ K. David Kelly_____
K. DAVID KELLY, ESQ.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT TO THE FOLLOWING SUBSEQUENT TO ELECTRONIC FILING AS FOLLOWS ON 9/18/15:

ALL CM/ECF RECIPIENTS

EDDY O. MARBAN, ESQ.
1600 PONCE DE LEON BLVD, STE 902
CORAL GABLES, FL 33134

BY:___/s/ K. David Kelly_____
K. DAVID KELLY, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-24358-CIV-KING

JOE GORDILS et al.,
    Plaintiffs,
vs.

OCEAN DRIVE LIMOUSINES, INC. et al.,
    Defendants.
_____/

### ORDER TAXING COSTS

Pursuant to Federal Rules of Civil Procedure, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that the Plaintiffs JOE GORDILS, FRANCISCO RAMOS, BEYMAR SABOGAL, RIDER MORALES, and PEDRO SOSA, c/o the Client Trust Account of J.H. Zidell P.A., shall take the following sum from OCEAN DRIVE LIMOUSINES, INC., OCEAN DRIVE LIMOUSINES, INC. SO. FLA., RICHARD BENETTI (A/K/A RICHARD BENNETTI), and MELISSA BENETTI (A/K/A MELISSA BENNETTI), jointly and severally, which sum shall bear interest at the legal rate from the date of this Court's amended final judgment on 8/28/15 [DE 281] onward, for which sum let execution issue: **$13,852.52.**

DONE AND ORDERED in Chambers, Miami, Florida, on this _____ day of _____, 20___.

_____
JAMES LAWRENCE KING
SR. UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record